RECEIVED

MAY 3 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

AARON MAY,                              )
                                        )
    V.         PLAINTIFF                )
                                        )
NEDRA CHANDLER,                         )
CAROLE O'NEAL,                          )
ROGER E. WALKER JR.,                    )
C/O LANDER,                             )    08 C 50095
                                        )
         DEFENDANTS                     )

## COMPLAINT

Plaintiff Aaron May, for his complaint, states as follows:

### PARTIES

1. Plaintiff Aaron May is a prisoner in the custody of the Illinois Department of Corrections and currently resides at the Dixon Correctional Center in Dixon, Il. At all times relevant to this action he resided at the Dixon Correctional Center.

2. Defendant Nedra Chandler is the Warden at the Dixon Correctional Center. She is being sued in her individual capacity for damages and in her official capacity for injunctive relief.

3. Defendant Carole O'Neal is a paralegal assistant at the Dixon Correctional Center. She is being sued in her individual capacity for damages and in her official capacity for injunctive relief.

4. Defendant Roger E. Walker Jr. is the Director of the Illinois Department of Corrections. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

5. Defendant Lander is a Correctional Officer at the Dixon Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

## JURISDICTION AND VENUE

6. This action arises under 42 U.S.C § 1983 to redress the deprivation under color of State law of rights, privileges and immunities secured by the constitution of the United States. The rights sought to be redressed are guaranteed by the First and Fourteenth Amendments to the United States Constitution. The Court has Federal Question Jurisdiction over this controversy under 28 U.S.C. §§§ 1331, 1343, and 1367.

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391. The acts complained of occurred there, Plaintiff was incarcerated there at the time of the acts complained of, and all Defendants work and/or conduct business there.

## STATEMENT OF FACTS

8. The Plaintiff has filed several petitions in the Criminal Courts of Illinois and has Federal Civil law suits pending in court. He does not have an attorney on the majority of his claims.

9. On May 5, 2008, the Plaintiff was at the law library at his institution. He requested for copies of exhibits that he wanted to attach to his petition that he wanted to file in court. The administrative rules permits offenders to have exhibits copied when they cannot produce them on their own, and the exhibits that Plaintiff wanted were well beyond the consideration of hand copying them.

10. Defendant O'Neal refused to copy the Plaintiff's exhibits and explained to him that he did not need them copied and gave Plaintiff legal advice by telling him that he only needed to cite relevant portions of the exhibits in his petition. Ms. O'Neal is not a lawyer or a certified paralegal. O'Neal went even further by averring that her rules were strick and that uneccessary papers would not be copied and then showed Plaintiff a copy of her rules.

(2)

11. The Plaintiff admonished Defendant O'Neal that the Judge in the courts would be in disagreement with her not copying the relevant exhibits and that it was a violation of his Constitutional rights. Ms. O'Neal became angered and wrote a disciplinary ticket against the Defendant for threats and intimidation and insolense. The Defendant punished Plaintiff and stated in her written ticket that the Plaintiff made statements about how the judge would determine if she was correct or incorrect for not copying Plaintiff's exhibits.

12. The Plaintiff is indigent, and the Defendant has a policy that abridges poor inmates from copying case law from law books. An individual must pay for what is called a copying card from the commissary in order to have legal exhibits and case law copied, and only inmates with money can legitimately have exhibits or case law copied in order to attach to their Motions and Petitions.

13. Defendant O'Neal has purposely hid the copying machine so she can copy an offenders pleadings and grievances without Plaintiff's knowledge and send the pleadings and grievances to the institution's administration in order to warn them of filed law suits and grievances against them.

14. The Defendant O'Neal has retaliated against the Plaintiff for exercising his constitutional rights when he said that the judge would be in disagreement with Defendant's policy of denying him copies of his exhibits, and then writting a ticket against him for making that statement. The Plaintiff explained to her that he wanted the court to understand his claim and thats why he had a need to have his exhibits copied and O'Neal in turn stated that the judge had a computer and could look up the exhibit and that his exhibit was irrelevant to the court's use.

15. Defendant Nedra Chandler has agreed to Ms. O'Neal's policy and has enforced it on the Plaintiff in regards to him having his legal documents copied. The Defendant also agreed and concurred with O'Neal on his disciplinary summary for the statements he made about a judge being in disagreement with Defendant's law library policy of not copying relevant exhibits.

16. The Plaintiff was found guilty of his charge and given a verbal reprimand which instructs him not to complain about his conditions of confinement in regards to his issues or disagreements with the law library policies.

17. Defendant C/O Lander recharacterized the elements and O'Neal's allegations in part. He found Plaintiff guilty of the charges against him and gave Plaintiff a verbal reprimand not to exercise his first Amendment rights of the United States Constitution because his allegations that a judge would be in disagreement with the Defendant's policy is unwarranted conduct by inmates. The Plaintiff stated that he had a First Amendment right to express his opinion about his conditions of confinement and Defendant Lander stated that he had no First Amendment right when it came to an inmate having an opinion about how Dixon runs it's law library.

18. Defendant Roger E. Walker Jr. has concurred with the allegations against the Defendants designated above and has developed a statewide policy to stop inmates and Plaintiff from copying exhibits unless he has money to purchase a copying card. Defendant Walker has given the undersigned Defendants the option to accept his statewide policy and adopt it or not to accept or adopt it.

19. Defendant Walker allows officials at Dixon to conduct program hearings in a manner which is against the Illinois Administrative Code, e.g., Defendant Lander heard Plaintiff's ticket.

The 20 Il. Adm. Code § 504.70 mandates that two individuals must decide on an offender's disciplinary ticket and one must be a minority. Mr. Lander heard the ticket by himself and is a white American male.

20. The Plaintiff explained to Mr. Lander that Ms. O'Neal copied exhibits for white inmates whether they had a copying card or not, but would not do the same for him, Defendant Lander stated that that was unimportant and had nothing to do with the ticket which was being heard. If their had been a minority present the outcome of the Plaintiff's ticket may have been different because Plaintiff's disposition of the ticket was racially motivated.

21. Defendant Lander went even further and created his own contentions and found Plaintiff guilty on his summary which was absolutely infelicitous, and bias to the Plaintiff.

## CAUSES OF ACTION

22. Plaintiff incorporates paragraphs 1-21 as if set forth in full.

23. By consciously disregarding Plaintiff's access to the courts, and subjecting him to inadequate legal services, retaliation, and racial discrimination, and other forms of discrimination, Defendants have violated and will continue to violate his rights under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

## RELIEF REQUESTED

THEREFORE, Plaintiff Aaron May prays for judgment and relief including:
(A) Judgment that Defendants have violated and will continue to violate Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

(B) A preliminary and Permanent injunction directing Defendants to provide Plaintiff with legally required access to the courts and services, vacatur and an expungement of his disciplinary ticket, and not to be discriminated against because he is poor, including the ability to have exhibits copied.

(C) Damages in the amount of $200,000 from each Defendant; and punitive damages in the amount of $200,000 against each Defendant.

(D) That Defendants pay for the cost of the litigation and any other releif as this court deem just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED:

*Aaron May*
AARON MAY B50450

UNDER THE PENALTIES OF PERJURY, 28 U.S.C. 1746, EVERYTHING IS TRUE AND CORRECT TO THE BEST OF MY ABILITY:

*Aaron May*

(6)

STATE OF ILLINOIS )
)     MAY V. CHANDLER et-al
LEE COUNTY )

## AFFIDAVIT

I, Aaron May, being first duly sworn upon oath deposes and state:

1. I have been deprived of filing a full Petition for a Post Judgment Relief in the Cook County Circuit Court of Illinois. I was unable to reinforce my claim with authenticated documents which was the exhibits that Ms. O'Neal refused to copy.

2. Mr. Lander refused to call my witnesses at my adjustment committee because he believed that it would be unnecessary and that I did not have a right to have witnesses called.

3. I am indigent and 125% below the poverty level and everything in my complaint is true and correct to the best of my ability.

4. All attached documents are authentic and true.

5. I do not vouch for the Defendant's decision against me in their summary.

6. Ms. O'Neal's ticket against me shows that she gave me legal advice, retaliated against me and refused to copy my legal exhibits.

FURTHER THE AFFIANT SAYETH NOT

UNDER THE PENALTIES OF PERJURY,
28 U.S.C. 1746, EVERYTHING IS
TRUE AND CORRECT TO THE BEST OF
MY KNOWLEDGE: _[signature]_
5/28/08

EXHIBITS

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Disciplinary Report

Facility: DIXON CORRECTIONAL CENTER  Date: 5/5/08

33
(29)

**Type of Report:** ☐ Disciplinary  ☐ Investigative

Offender Name: Aaron May  ID #: B50450

Observation Date: 5/5/08  Approximate Time: 9:40 ☒ a.m. ☐ p.m.  Location: BLDG 118 Law Library

**Offense(s): DR 504:** ~~206 INTIMIDATION + THREATS~~ 304 INSOLENCE

**Observation:** (NOTE: Each offense identified above must be substantiated.) ON THE ABOVE DATE AND APPROXIMATE TIME I/M Aaron May, B50450, HAD A COPY APPOINTMENT IN THE LIBRARY IN BLDG 118. HE WANTED TO ATTACH COPIES OF A STATUTE THAT HE HAD ORDERED AS AN EXHIBIT. HE DID NOT HAVE A COPY CARD WITH WHICH TO PAY FOR THE COPIES. THIS WRITER THEN TOLD I/M MAY HE COULD NOT HAVE the COPIES BECAUSE HE DID NOT HAVE A COPY CARD AND THAT THE STATUTE NEEDED TO ONLY BE CITED. I/M MAY THEN STATED "WE'LL SEE WHAT THE JUDGE SAYS WHEN YOU DENY ME" I/M IDENTIFIED BY I.D. FROM PREVIOUS LIBRARY APPOINTMENTS AND PERSONAL KNOWLEDGE.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

Reporting Employee (Print Name): CAROLE O'NEAL PARALEGAL ASST  Badge #:   Signature: Carole O'Neal  Date: 5/5/08  Time: App. 10:05 ☒ a.m. ☐ p.m.

### Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement  ☐ Investigative Status  Reasons: _____

Printed Name and Badge # _____  Shift Supervisor's Signature _____  Date: 5-5-08

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer  Comment: _____

☐ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☒ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge #: LT Amy XXX  Reviewing Officer's Signature  Date: 5/5/08

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge # _____  Hearing Investigator's Signature _____  Date _____

### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign  Offender's Signature: Aaron May  ID#: B50450

Serving Employee (Print Name): B. Hunt  Badge# 2056  Signature _____

Date Served: 5-5-08  Time Served: 30 ☐ a.m. ☐ p.m.

*Witnesses Requested

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____  ID# _____



# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## PROGRAM COMMITTEE
## FINAL SUMMARY REPORT

**Name:** MAY, AARON  
**Hearing Date/Time:** 5/8/2008 09:06 PM  
**Incident Number:** 200802042/1 - DIX  
**IDOC Number:** B50450  
**Living Unit:** DIX-NE-29-33  
**Status:** Final  
**Race:** BLK  
**Orientation Status:** N/A

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 5/5/2008 | 200802042/1-DIX | ONEAL, | BUILDING 118 LAW LIBRARY | 09:40 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 304 | Insolence | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Ticket read, inmate states that what he said wasn't insolent. States he was having some legal material copied but he didn't have a copy card because he currently has no money. States she wouldn't let him sign a money voucher for the copies.

## BASIS FOR DECISION
Inmate guilty based on ticket content indicating inmate argued with library staff over copies he was requesting thereby annoying and showing disrespect to the reporting staff and reporting staff's positive id of inmate by personal knowledge.

## DISCIPLINARY ACTION (Consecutive to any priors)

**RECOMMENDED**  
Verbal Reprimand  
**Basis for Discipline:**

**FINAL**  
Verbal Reprimand

### Signatures
**Hearing Committee**

LANDWER, ▓▓▓ - Chair Person       05/08/08       WHI  
Recommended Action Approved       Signature       Date       Race

**Final Comments:** N/A

NEDRA R CHANDLER / VDT 5/13/2008       05/13/08  
Chief Administrative Officer       Signature       Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

[signature] #7969       5-14-08       [signature] 9⁰⁰  
Employee Serving Copy to Committed Person       When Served -- Date and Time

Run Date: 5/13/2008 12:06:33

