## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50095 | **DATE** | July 23, 2008 |
| **CASE TITLE** | Aaron May (B-50450) v. Nedra Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $ 13.39 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to make further deductions as stated below. A copy of this order shall be sent to the trust fund officer at Dixon Correctional Center. Plaintiff is given 30 days from the date of this order to show cause why this action should not be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. If Plaintiff does not timely comply with this order, this action will be dismissed without prejudice for failure to exhaust administrative remedies. However, Plaintiff will still be responsible for paying the filing fee.

■ [For further details see text below.]                                                              Docketing to mail notices.

### STATEMENT

The Court finds that Plaintiff, a prisoner confined at Dixon Correctional Center, is unable to prepay the filing fee. The Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $13.39 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff alleges that on May 5, 2008, he requested copies of exhibits he wanted to attach to his petition. Defendant Carole O'Neal, a paralegal assistant at Dixon, refused to copy the exhibits and told Plaintiff that he did not need them and then gave him legal advice by telling him that he only needed to cite relevant portions of the exhibits in his petition. Plaintiff admonished O'Neal that the judge would disagree with her not copying the relevant exhibits and that she was violating his constitutional rights. O'Neal became angry and wrote Plaintiff a disciplinary ticket for threats, intimidation, and insolence. Plaintiff claims that O'Neal wrote the ticket in retaliation for Plaintiff exercising his constitutional rights.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff alleges that there is a policy that inmates must pay to have exhibits or case law copied, which prevents him from having these materials copied because he is indigent. Plaintiff also claims that O'Neal hides that copy machine so she can send copies of pleadings and grievances to the administration in order to warn them of lawsuits and grievances. Plaintiff claims that defendant Warden Chandler agrees with this policy and enforced it as to Plaintiff and also concurred with O'Neal as to the disciplinary summary.

Plaintiff alleges that he was found guilty of the disciplinary ticket and given a verbal reprimand. He claims that defendant C/O Lander later recharacterized the elements and gave him a verbal reprimand not to exercise his First Amendment rights. Plaintiff alleges that defendant Roger E. Walker, Jr., the Director of the Illinois Department of Corrections, has developed a state-wide policy to stop inmates from copying exhibits unless they have money to purchase a copying card. He also claims that Walker allows officials at Dixon to conduct program hearings in violation of the Administrative Code, which requires two individuals to hear a disciplinary ticket, one of whom must be a minority. In Plaintiff's case, only C/O Lander heard the ticket, and he is a white American male. Plaintiff seeks both injunctive relief and money damages.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

**STATEMENT**

  The internal administrative grievance system of the Illinois Department of Corrections is set out in the Illinois Administrative Code (20 Ill. Admin. Code § 504). Inmates must follow these procedures: (1) The inmate must first attempt to resolve the situation through his counselor; (2) If the situation remains unresolved, he may file a written grievance 60 days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. Upon completion of an investigation by the grievance officer, the conclusions, and, if necessary, recommendations, are forwarded to the Chief Administrative Officer; (3) If the inmate does not believe the situation is resolved, he may appeal to the Director of the IDOC. The Administrative Review Board as the Director's designee reviews the appeal of the grievance and determines whether a hearing is necessary; (4) The Administrative Review Board forwards its decision and any recommendations to the Director or other designee, who makes a final determination.

  In the instant case, Plaintiff has attached as exhibits a copy of the Offender Disciplinary Report and a copy of the Program Committee Final Summary Report. He has not attached copies of any grievances. While failure to exhaust is normally an affirmative defense, in this case, it appears that Plaintiff has failed to exhaust, especially since he dated his complaint May 28, 2008, and the Clerk of Court received it on May 30, 2008, less than four weeks after the alleged incident. The Court accordingly will give Plaintiff an opportunity to demonstrate that he fully exhausted his administrative remedies, according to the procedures of the Illinois Administrative Code, as outlined above, before he filed this action.

  The Court accordingly gives Plaintiff 30 days from the date of this order to show cause why this action should not be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. If Plaintiff does not timely comply with this order, this action will be dismissed without prejudice for failure to exhaust administrative remedies. However, Plaintiff will still be responsible for paying the filing fee.