IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

AAron May,

    V.    PLAINTIFF.    )  No. 08-C-50095

Nedra Chandler, et al.

    DEFENDANTS.

FILED

AUG 0 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF COMPLIANCE

Now come the Plaintiff, Aaron May, pro se, and here advises the Court that he has Complied with this Court's July 23, 2008 order by responding to it, and he states as follows:

1. Exhaustion of remedies is an affirmative defense that the Defendant must prove, JONES V. BOCK, 127 S.ct. 910 (2007). The Plaintiff has adequately exhausted his administrative remedies.

2. The United States Supreme Court has held, that the 20 Il. Adm. Code gives guidance for grievance procedures, **BOCK**. The Plaintiff has filed an emergency grievance which was denied and the warden commanded the Plaintiff to begin his grievance procedure all over again, see, ehibit attached.

3. Nevertheless, the Seventh Circuit has held, that when an inmate who has requested that the prison official handle his grievance on an emergency basis under Tilte 20-504.840, of the Illinois Administrative Code is not required to resubmit that grievance through the standard procedure after the Warden the person responsible for acting on emergency grievances concludes that the grieved condition is not an emergency, THORNTON V. SNYDER, 428 F.3d 690 (7th Cir. 2005), quoting,

1.

... <u>MUHAMMAD V. McADORY</u>, 214 F.3d 610 (7th Cir. 2007).

4. The Plaintiff has reasonably exhausted his admnistrative remedies in compliance with the 20 Illinois Administrative Code 504 rules, and this Honorable Court should allow the Plaintiff to proceed in this cause, More over, the United State Supreme Court has said, that an inmate is not required to attach grievances to his complaint, he only has to follow the federal rules of civil procedure, Rule 8, <u>JONES V. BOCK</u>, 127 S.ct. 910 (2007).

WHEREFORE, the Plaintiff Aaron May believes that he has established that he has properly exhausted his administrative remedies and relies on the authorities cited in this response.

RESPECTFULLY SUBMITTED:

*Aaron May, B-50450*

2.

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, _Aaron May_ affiant, do hereby declare and affirm pursuant to 28 UC 1746, 18 USC 1621, or 735 ILCS 5/1-109, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this __1__ day of __August__, 20_08_.

IN THE
<u>UNITED STATES DISTRICT COURT</u>
<u>NORTHERN DISTRICT OF ILLINOIS</u>

<u>AARON MAY</u> )
Plaintiff, )
) Case No. <u>08-C-50095</u>
v. )
)
<u>NEDRA CHANDLER, et al.</u> )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: <u>OFFICE OF CLERK OF THE U.S.</u>   TO: _____
<u>DISTRICT COURT, UNITED STATES</u>        _____
<u>COURTHOUSE, 211 S. COURT STREET</u>      _____
<u>ROCKFORD, ILLINOIS 61101</u>             _____
1 Original, plus, 3 copies

PLEASE TAKE NOTICE that on <u>August 1</u>, 20<u>08</u>, I have placed the documents listed below in the institutional mail at _____ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: <u>NOTICE OF COMPLIANCE,</u> <u>AFFIDAVIT AND EXHIBITS ATTACHED</u>

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: <u>7-1-08</u>

/s/ <u>Aaron May</u>
NAME: <u>AARON MAY</u>
IDOC#: <u>B-50450</u>
<u>DIXON</u> Correctional Center
P.O. BOX <u>1200</u>
<u>DIXON</u>, IL <u>61021</u>

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 5-19-08 | Offender: (Please Print) AARON MAY | ID#: B-50450 |
| Present Facility: DIXON CORR. CTR. | Facility where grievance issue occurred: DIXON CORR. CTR. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct  MAY
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): 29 CC

- [x] Disciplinary Report: 5, 5, 08    DIXON CORR. CTR.
      Date of Report             Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: NOW COMES THE GRIEVANT, GRIEVING THAT HIS 1st AMENDMENT RIGHTS OF THE U.S. CONSTITUTION HAVE BEEN VIOLATED. ON 5/5/08, at 8:15 a.m. THIS GRIEVANT WAS SCHEDULE FOR HIS COPY APPOINTMENT WHILE ON TWO VERIFIED COURT DEADLINES, MOST RECENT (5/15/08). ON 5/5/08, THE GRIEVEE, CAROLE O'NEAL, REFUSED THIS GRIEVANT LEGAL EXHIBITS THAT HE HAD REQUESTED AND ORDER PRIOR TO HIS COPY APPT. THIS GRIEVANT TOLD MRS. O'NEAL THAT HE NEEDED THE LEGAL EXHIBITS TO ATTACH TO HIS PETITION (RELIEF FROM JUDGEMENT) TO PROVE ALL HIS CLAIMS AND FOR THE CONVENIENCE TO THE COURT. MRS. O'NEAL TOLD THIS GRIEVANT THAT SHE WAS NOT GOING TO GIVE

Relief Requested: TICKET BE VACATED AND EXPUNGED, AND EMPLOYEES BE DISCIPLINED.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Aaron May               B-50450        05/19/08
Offender's Signature       ID#            Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____ Counselor's Signature _____ Date of Response _____

**EMERGENCY REVIEW**

Date Received: 5/20/08   Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   5/20/08
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender         Page 3           DOC 0046 (Rev. 3/2005)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

HIM THE LEGAL EXHIBITS OR MAKE ANY LEGAL COPIES OF THEM UNLESS HE HAD PURCHASED SOME COPY CARDS FROM THE INMATE COMMISSARY. THIS GRIEVANT TOLD MRS. O'NEAL THAT HE DID NOT HAVE THE FUNDS ON HIS ACCOUNT AT THAT TIME AND THAT HE HAD ZERO DOLLARS TO PAY FOR ANY COPY CARDS AT THAT TIME, BUT HE WOULD REQUEST TO SIGN AN MONEY VOUCHER FOR ALL THE COPIES HE NEEDED. MRS. O'NEAL AGAIN REFUSED TO COPY HIS LEGAL EXHIBITS AND INSTEAD OFFERED HER LEGAL ADVISE TO THE GRIEVANT STATING,..."THAT THE JUDGE DO NOT NEED ALL YOUR EXHIBITS, HE CAN LOOK THEM UP ON THE COMPUTER IF HE WANTS TOO, YOU ONLY NEED TO CITE THE STATUE IN YOUR PETITION." THIS GRIEVANT THEN RESPONDED TO MRS. O'NEAL'S ADVICE SAYING "WE WILL SEE WHAT THE JUDGE SAYS ON MY COURT DATE."

MRS. O'NEAL THEN STATED "THAT'S AN INTIMIDATION + THREAT," AND TOLD THIS GRIVANT THAT SHE WAS GOING TO WRITE HIM UP. MRS. O'NEAL RETALIATED AGAINST THIS GRIEVANT FOR EXERTING HIS OPINION THAT THE TRIAL JUDGE WOULD DETERMINE IF HIS ACCESS TO THE COURTS HAD BEEN DENIED. AN EMPLOYEE CANNOT RETALIATE AGAINST AN OFFENDER FOR EXERCISING HIS 1st AMENDMENT CONSTITUTIONAL RIGHTS.

MRS. O'NEAL HAS ALSO DISCRIMINATED AGAINST HIS GRIEVANT BECAUSE HE IS AN POOR PERSON, AFRICAN AMERICAN, AND CANNOT ALWAYS AFFORD TO PURCHASE COPY CARD, THUS, DEPRIVING HIM ACCESS TO THE COURT BY NOT PROVIDING HIM LEGAL COPIES.

ON SEVERAL OCCASION I HAVE PERSONALLY WITNESSED MRS. O'NEAL MAKE LEGAL COPIES, INCLUDING EXHIBITS FOR WHITE INMATE'S WHO DID NOT HAVE ANY COPY CARDS TO PAY FOR THEIR COPIES, AND SHE ACCOMODATED THEM BY FILLING OUT AN MONEY VOUCHER FOR THEM, ONLY REQUIRING THEIR SIGNATURE.

THIS GRIEVANT HAS SEVERAL CASES PENDING IN THE COURTS AND MAY HAVE DISMISSED IF HE CANNOT PROPERLY EFFECTUATE HIS CLAIMS IN THE COURT, AND IN AN TIMELY MANNER.

MRS. O'NEAL HAS PURPOSELY HID THE COPYING MACHINE IN HER OFFICE AND OUT OF INMATES VIEW. INMATE'S CANNOT SEE THEIR LEGAL COPIES BEING COPIED AND MRS. O'NEAL HIDES THE COPYING MACHINE SO SHE CAN MAKE EXTRA COPIES OF INMATE'S PLEADINGS COMPLAINTS AND GRIEVANCES WITHOUT THIS INMATES KNOWLEDGE AND FOR HER PERSONAL REASONING, AND TO SEND COPIES OF THE PLEADINGS, COMPLAINTS, AND GRIEVANCES TO THE INSTITUTION'S ADMINISTRATION'S IN ORDER TO WARN THEM OF FILED LAWSUITS AND GRIEVANCES AGAINST THEM.

IT SHOULD BE NOTED THAT MRS. O'NEAL IS AN PARLEGAL ASSISTANT, AND NOT AN ATTORNEY OR AN TRAINED PARALEGAL. SHE CANNOT GIVE LEGAL ADVISE, NOR CAN SHE ENFORCE UNLAWFUL POLICY THAT IS HER RULE "THE DISCRIMINATES AND VIOLATES INMATES RIGHTS TO THE COURT.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

THIS GRIEVANT RECEIVED HIS DISCIPLINARY REPORT ON 5/5/08, WHEN HE SIGNED IT AND WROTE *WITNESSES REQUESTED ON THE TICKET. THIS GRIEVANT ALSO FILLED OUT THE BOTTOM HALF OF THE TICKET WITH HIS MATERIAL WITNESSES NAMES AND WHAT THEY WOULD GIVE RELEVANT TESTIMONY TOO AND DROP THAT SHEET IN THE GRIEVANCE BOX INSIDE THE UNIT 29. HOWEVER, MR. LANDWER; CHAIR PERSON WHO HEARD THE TICKET REFUSED TO CALL GRIEVANT'S WITNESSES AND REFUSED TO INCORPORATE HIS FULL NAME ON THE TICKET AS REQUIRED BY LAW.

IT IS THIS GRIEVANT BELIEF THAT MR. LANDWER, THE HEARING OFFICE WAS RACIALLY BIASED, AND DID NOT CONDUCT AN FAIR, AND IMPARTIAL INVESTIGATION LEADING TO THE BASIS FOR HIS DECISION.

PURSUANT TO THE 20 IL ADM CODE 504.70(a) WHICH STATES IN PART; (THE CHIEF ADMINISTRATIVE OFFICE SHALL APPOINT THE ADJUSTMENT COMMITTEE, WHICH "SHALL" BE COMPOSED OF AT LEAST "2 MEMBERS", ONLY ONE PERSON REVIEWED GRIEVANT'S TICKET AND HE WAS NOT A "MINORITY" AS MANDATED BY 504.70(a)(1)(b).

THE WARDEN, NEDRA R. CHANDLER HAD NO AUTHORITY TO SIGN THE FINAL SUMMARY REPORT.

WHEREFORE, DUE TO THE CONTENTIONS SET FORTH, THE OFFENDER DISCIPLINARY REPORT AND FINAL SUMMARY REPORT SHOULD BE VACATED AND EXPUNGED.